IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHIEM M. SAELEE,             No. CIV S-03-0677-CMK

    Plaintiff,

  vs.                             MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____/

        Plaintiff, who is proceeding with retained counsel and in forma pauperis, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for judgment on the pleadings (Doc. 14) and defendant's cross-motion for summary judgment (Doc. 16).

/ / /

/ / /

/ / /

/ / /

1

# I. BACKGROUND

Plaintiff applied for supplemental security income ("SSI") benefits on August 20, 2001, based on disability. Plaintiff claims that his impairment began on October 1, 1985, and consists of a combination of low back pain and pain moving his arms and legs.[1] Plaintiff is a lawful permanent resident born March 5, 1940, in Laos and has no formal education. Plaintiff cannot read or write in English.

### A. Summary of the Evidence

In his application, plaintiff claims that he last worked in 1985 as a dishwasher, but that he could no longer do that job because he could not perform the lifting requirements. Plaintiff also claims that he is unable to perform ordinary household tasks due to back pain and often has to lie down to reduce his back pain. In a "Pain Questionnaire" submitted to the California Department of Social Services, Disability and Adult Programs Division, on August 31, 2001, as part of the claims process, plaintiff states that he has sharp, radiating lower back pain which began January 1, 1984, and that this pain first began to impact his activities in January 1984. Plaintiff states in a January 14, 2002, "Pain Questionnaire" that his lower back pain began mid-year in 1984 and did not begin to impact his activities until the end of 1984. In both questionnaires, plaintiff states that rest does not relieve his back pain.

The record reflects that plaintiff received treatment from the Sacramento County Department of Health and Human Services Primary Care Center. Primary Care Center records reveal that plaintiff was treated on March 13, 2001, and that, at that time, the treating medical provider observed no tenderness on palpation in the lower lumbar area, and no muscle spasm. During the course of plaintiff's treatment by the Primary Care Center, a number of x-rays were taken. An x-ray of the lumbar area taken on February 28, 1996, revealed modest spurs at L3 and L4, but normal lumbar structure elsewhere and normal alignment and spacing at the lumbosacral

---

[1] Plaintiff later amended his claim to reflect an onset date of August 20, 2001.

level. An x-ray of the lumbar and cervical spine areas taken on February 27, 2001, revealed no abnormality and no change in comparison with the 1996 x-ray. Finally, an x-ray of the lumbar area taken on August 15, 2002, revealed mild osteoarthritic changes which have advanced only slightly compared with the 1996 and 2001 x-ray studies.

Plaintiff was also examined on September 23, 2001, by Steven McIntire, M.D., a consultative examiner, as part of the claim evaluation process. Dr. McIntire's report states that he conducted a comprehensive orthopedic evaluation. Plaintiff's daughter served as interpreter during Dr. McIntire's evaluation. In his report, Dr. McIntire states that he had no medical records to review. Dr. McIntire's report notes the following objective observations as of the date of the examination:

1. Plaintiff is in no acute distress;
2. Plaintiff does not exhibit guarding of the lower back when seated or when getting on and off the exam table;
3. Plaintiff's coordination, station, and gait are within normal limits;
4. Plaintiff can walk on heels and toes;
5. Plaintiff can complete a deep knee bend;
6. No assistive device is used or indicated for ambulation;
7. Plaintiff's dorsolumbar range of motion is elaborated – plaintiff only flexes 25 degrees during the exam, but flexes much farther when not formally being examined;
8. Inspection of plaintiff's lumbar spine does not reveal abnormalities;
9. Plaintiff's lumbar curvature is normal;
10. There is no tenderness on palpation of the vertebrae or paraspinal regions; and
11. Muscle bulk and tone are normal.

Dr. McIntire's report questions plaintiff's subjective complaints of lumbar strain. In particular, Dr. McIntire notes that, subjectively, plaintiff describes progressive lumbar pain. Objectively, however, Dr. McIntire found no vertebral deformities. Dr. McIntire concluded that

plaintiff had no functional limitations in terms of sitting, standing, walking, lifting, or carrying.

**B.      Administrative Proceedings**

Plaintiff's SSI claim was initially denied. Following denial of his request for reconsideration, plaintiff requested an administrative hearing, which was held on October 7, 2002, before Administrative Law Judge ("ALJ") F. Lamont Liggett. At the hearing, plaintiff testified through an interpreter that he last worked as a dishwasher in 1985. Plaintiff also testified about an injury to his right arm sustained when he was ten years old. Plaintiff stated that his right arm is numb as a result of this injury and that the numbness interfered with his ability to work as a dishwasher. Plaintiff also testified that he has back pain which spreads down his legs and up his shoulders and that this pain limits his ability to perform household tasks.

In his October 25, 2002, decision, the ALJ made the following findings:

1.  Plaintiff has not engaged in substantial gainful activity since August 20, 2001;

2.  The medical evidence establishes that plaintiff has the combined severe impairment of low back pain and scarred and damaged muscles of the right arm;

3.  Plaintiff has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Part 404 of the regulations;

4.  Plaintiff's assertions concerning his ability to work are credible;

5.  Plaintiff has no past relevant work;

6.  On August 20, 2001, plaintiff was closely approaching retirement age;

7.  Plaintiff is unable to communicate in English; and

8.  Plaintiff has been under a disability since August 20, 2001.

Based on these findings, the ALJ concluded that plaintiff was disabled and, therefore, entitled to SSI benefits. Notably, the ALJ completely rejected Dr. McIntire's report.

On its own motion, the Appeals Council notified plaintiff that it would be reviewing the ALJ's decision. Plaintiff did not respond. In its February 25, 2003, decision, the Appeals Counsel disagreed with the ALJ's finding that plaintiff has a severe impairment.

4

Specifically, the Appeals Council concluded that the ALJ erred in the second step of the sequential evaluation in finding that plaintiff's back pain and scarred and damaged muscles combine to create a severe impairment. Instead, the Appeals Council concluded that the only medically determinable impairment plaintiff suffers is mild lumbar osteoarthritic changes and that this impairment at most minimally effects plaintiff's ability to perform basic work activities.

The Appeals Council noted that lumbar x-rays and examinations of plaintiff performed by the Sacramento County Department of Health and Human Services revealed mild osteoarthritic and degenerative changes with occasional tenderness. However, the same records also revealed normal strength and deep tendon reflexes, intact sensation, negative straight leg raising, ambulation without difficulty, full range of motion in all directions, no muscle spasm, and no neurologic deficits. In addition, the Appeals Council considered Dr. McIntire's report.

In its February 25, 2003, decision, the Appeals Council made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since August 20, 2001;
2. Plaintiff's medically determinable impairment is limited to mild lumbar osteoarthritic changes;
3. Plaintiff's statements regarding his limitations are not credible;
4. Plaintiff does not have a severe impairment because he does not have any impairment or combination of impairments which has more than a minimal effect on his ability to do any work activity; and
5. Plaintiff is not disabled.

Based on these findings, the Appeals Council denied benefits and this appeal followed.

Pursuant to the stipulation of the parties, the court remanded this matter to the Social Security Administration on July 17, 2003, for further proceedings. Specifically, the remand directed the Appeals Council to vacate its decision and to consider new evidence consisting of a letter contending that burn injuries on plaintiff's right arm constitute a severe impairment, as well as pictures of plaintiff's right arm. After considering this new evidence, the

Appeals Council issued a decision on September 26, 2003, which restated its February 25, 2003, findings.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  See Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In his motion for judgment on the pleadings, plaintiff argues that the Commissioner's final decision, as expressed in the Appeals Council's February 25, 2003,

decision, is not supported by substantial evidence. Specifically, plaintiff contends that the Appeals Council erred in concluding that he does not have a severe impairment by improperly relying on Dr. McIntire's report. Plaintiff also appears to contend that the Appeals Counsel erred in determining that plaintiff's statements regarding his limitations are not credible.[2] Thus, the issues before the court are:

> 1. Whether the Appeals Council properly relied on Dr. McIntire's report; and
>
> 2. Whether the Appeals Counsel properly rejected plaintiff's statements regarding his limitations as not credible.

### A.    Reliance on Dr. McIntire's Report

Plaintiff's primary argument is that the Appeals Council improperly relied on Dr. McIntire's report. Plaintiff faults this reliance for two reasons. First, plaintiff contends that reliance on Dr. McIntire's report was misplaced because he admitted that he had no medical records to review. Second, plaintiff contends that all of Dr. McIntire's report is suspect because, while Dr. McIntire states that he conducted a "comprehensive orthopedic evaluation," which included examination of plaintiff's arms, the report makes no mention of the obvious disfigurement caused by the burn injury.

While Dr. McIntire did not have plaintiff's medical records available, he did examine plaintiff himself. This examination consisted of an interview of plaintiff as well as various physical tests and observations. Thus, the lack of written medical records does not detract from Dr. McIntire's report of his findings and observations based on his actual examination.

As to plaintiff's argument that Dr. McIntire's report should be completely disregarded because it makes no mention of plaintiff's arm injury, the court finds this argument somewhat troubling given that plaintiff has never asserted disability based on his arm burn. Throughout the claims process, plaintiff repeatedly complained only of low back pain as the

---

[2] Plaintiff argues that " . . . the Appeals Council did not observe the plaintiff . . ."

cause of his inability to work.[3] Moreover, because Dr. McIntire was asked to conduct an orthopedic examination to address plaintiff's claim of low back pain, it is logical that his report focuses on that complaint. Therefore, while Dr. McIntire did not make specific note of plaintiff's burn injury, he did examine plaintiff's elbow and wrist joints and made observations relevant to a complaint of low back pain. In other words, it would not have been necessary for Dr. McIntire to comment on, let alone make note of, the burn injury because it is physically unrelated to plaintiff's complaints of low back pain.

For these reasons, the court rejects plaintiff's contention that the Appeals Council improperly relied on Dr. McIntire's report. The court further concludes that Dr. McIntire's report, along with the other evidence, constitutes substantial evidence supporting the Commissioner's final disability determination.

**B.     Credibility Determination**

Plaintiff argues that, because the Appeals Council did not observe him, its determination that plaintiff's statements regarding his limitations were not credible is flawed. The court disagrees. Determining credibility and resolving conflicts in the testimony are functions solely of the Commissioner. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Credibility findings must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). In the instant case, the record reflects that the Appeals Council's credibility determination was supported by specific, cogent reasons. In particular, the Appeals Council noted the discrepancies between plaintiff's description of his functional limitations and the observations made by Dr. McIntire. For example, in an August 31, 2001, "Pain Questionnaire" submitted to the California Department of Social Services, plaintiff stated that he had sharp, radiating lower back pain which began January 1, 1984, and that this

---

[3] The only mention of plaintiff's arm is in his initial application where plaintiff states that he is disabled because of low back pain and " . . . pain moving arms and legs." There is no specific mention of the burned arm or burn injury. Everywhere else in the record, plaintiff complains of low back pain.

pain first began to impact his activities in January 1984.  However, in a January 14, 2002, "Pain Questionnaire" plaintiff stated that his lower back pain began mid-year in 1984 and did not begin to impact his activities until the end of 1984.  The Appeals Council also made note of Dr. McIntire's conclusion that plaintiff had no functional limitations.

### IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for judgment on the pleadings is denied;
2. Defendant's cross-motion for summary judgment is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:   September 27, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE